ALBERT A. ALWARD, *Appellant*, v. ANNA LOBINGIER, *Appellee.*

No. 17,603.

### SYLLABUS BY THE COURT.

DEED—*Delivery—Retention of Possession.* Where the owner of real estate signed and acknowledged a deed, naming her foster daughter as grantee, and retained it in her own possession until her death, a delivery thereof did not result from the fact that some two years after its execution she handed it to the grantee, requesting her to read it, and received it back, saying that she desired to retain it so that she might occupy the property until her death; nor is the situation materially altered by the fact that she spoke of the deed as belonging to the grantee, and told other persons that she had deeded the property to her.

Appeal from Franklin district court. Opinion filed May 11, 1912. Reversed.

*W. B. Pleasant,* and *Walter Pleasant,* for the appellant.

*Joe Rolston,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Eliza J. Alward and Albert A. Alward, her husband, in February, 1907, signed and acknowledged a warranty deed to the property which they then occupied as a homestead, the title to which was in Mrs. Alward. The deed was in the usual form, with no special provisions. It named as grantee Anna Lobingier, who from her infancy until her marriage

Alward v. Lobingier.

had lived with Mrs. Alward, although not formally adopted by her. Mrs. Alward died intestate March 26, 1910. The deed was then among her papers. It came into the possession of Mrs. Lobingier, who had it recorded. Albert A. Alward, claiming, as the sole heir of his wife, to own the property, brought action against Mrs. Lobingier to quiet title. She answered asserting ownership under the deed, and asking possession. Judgment was rendered for the defendant, and the plaintiff appeals.

Several questions have been discussed, but it will be necessary to decide only one—was there a delivery of the deed? If so it resulted from transactions thus described in the findings of the trial court:

"In August, 1909, . . . Mrs. Alward took the deed in question, and handed it, first to the defendant's daughter, saying 'This is your mother's.' The daughter examined the deed, and handed it back to Mrs. Alward, who then handed it to the defendant, asking her to read it, and in the same conversation told the defendant that she, Mrs. Alward, desired to retain the deed in her own possession so that she might continue to reside in the property until her death. After this, Mrs. Alward told many parties that she had deeded the property to the defendant. Mrs. Alward after the deed was handed back to her by the defendant retained possession of the deed, and kept the same in a small tin box until the time of her death."

The handing of the deed to the defendant's daughter did not constitute a delivery, for obviously it was not so intended. The remark which accompanied the act—"This is your mother's"—did not indicate a purpose to create a new relation at that time. It seems to indicate that the grantor regarded the deed and property as already in a way belonging to the grantee, rather than that she meant to effect a transfer at that time. The mere handing of the deed to the grantee with a request that she read it did not amount to a delivery. In the same manner a testator might hand

·a will to a devisee to be read. The grantor's statement that she. desired to retain the deed in her own possession so that she might continue to reside in the property until her death, appears to have been given as. a reason for not delivering the deed, rather than as a reason for its being returned to her custody after a delivery had taken place. At no time did she relinquish the right to the immediate control of the deed, and wherever a manual delivery is relied upon this is a conclusive test.

It is true that a manual change of possession of the instrument is not always essential to a valid delivery, and the intention of the grantor is ordinarily the controlling factor. Each case depends to some extent upon its own peculiar circumstances. (*Chambers v. Chambers,* 227 Mo. 262, 282, 127 S. W. 86, 91.) Principles which correctly solve the particular problem presented are sometimes stated in the form of general rules, which do not admit of universal application. Where one entrusts a deed to a third person with directions to deliver it upon his death to the grantee, a reserved power to recall it prevents the transaction from amounting to a valid delivery. (13 Cyc. 570; 9 A. & E. Encycl. of L. 157, 158; Note, 53 Am. St. Rep. 553, 554.) But this is because such an arrangement necessarily implies the reservation of a right to rescind the action. The physical possession of the deed by the grantor is not conclusive if he has not the legal right to cancel or otherwise dispose of it. (*Sneathen v. Sneathen,* 104 Mo. 201, 16 S. W. 497, 24 Am. St. Rep. 326; *Cowdrey v. Cowdrey,* 71 N. J. Eq. 353, 372, 64 Atl. 98, 105.) The legal delivery of a deed, of which the grantor retains uninterrupted possession from its execution until his death, remaining in the enjoyment of the property, may be accomplished by statements indicating that he regards the title as having passed, where the grantee is an infant. (1 Devlin on Real Estate, Deeds, 3d ed., § 269, p. 415.) But if

Alward v. Lobingier.

that result could ever be so accomplished in the case of a grantee of full age, more explicit statements would be required than those here shown. Mrs. Alward doubtless fully intended that at her death the property should pass to Mrs. Lobingier by the deed. She may not have considered whether she had the power to prevent this. She may have harbored no thought of changing her plan concerning the disposition of the property. But she is not shown to have taken any step that would have given Mrs. Lobingier a legal right to have forbidden the cancellation of the deed. She not only had its actual possession, but she held it in her own right, and without having made any agreement as to its disposition. Her statements that she had deeded the property to Mrs. Lobingier signify nothing further than that she used that phrase to describe what had taken place, which did not in law actually involve a passing of the title. (*Worth v. Butler,* 83 Kan. 513, 519, 112 Pac. 111, 113.)

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff.