No. 27,424.

MARGUERITE MITCHELL REYNOLDS, *Appellee*, v. LILLIE M. REYNOLDS,
MADGE CLARK and RUTH STEWART, *Appellants*.

SYLLABUS BY THE COURT.

1. PARTITION — *Pleading — Evidence — Right to Jury Trial.* The proceedings
considered in an action to partition real estate, and *held:* (*a*) It was not
error to overrule defendant's demurrer to plaintiff's amended petition; (*b*)
nor to overrule defendant's motion for judgment on the pleadings and open-
ing statement of plaintiff; (*c*) nor in overruling defendant's objection to
the introduction of evidence; (*d*) nor in overruling defendant's demurrer to
plaintiff's evidence; (*e*) nor in denying a jury trial.

2. SAME—*Generally.* Various alleged errors considered and held not to be of
substantial merit.

Appeal from Sedgwick district court, division No. 1; J. EVERETT ALEXANDER,
judge. Opinion filed June 11, 1927. Affirmed.

*William Keith,* of Wichita, for the appellants.

*J. T. Rogers* and *John B. Bryant,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to partition real estate. Plain-
tiff prevailed and defendants appeal.

Certain lots in Wichita were formerly owned by W. S. Reynolds.
He died leaving a widow, Lillie M. Reynolds, and three children,
Madge Clark, Ruth Stewart and Robert Reynolds, as his sole heirs.
Prior to his death his son Robert married the plaintiff, Marguerite
Mitchell. After the death of W. S. Reynolds the plaintiff obtained
a decree of divorce from Robert Reynolds and in such decree was
awarded the interest in the property in question, inherited by Robert
Reynolds from his father (one-sixth). For a short time after the
marriage of Robert and the plaintiff they lived in the property in
controversy with Robert's parents. Later Robert and his wife, the
plaintiff, acquired other property in which they lived. W. S. Rey-
nolds and his wife went to Florida, where he died. For a time Mrs.
Reynolds remained there keeping house for a widowed brother. She
was residing there at the time plaintiff filed this action to partition
the property in question.

Partition, 30 Cyc. pp. 214 n. 86, 247 n. 91. Trial, 38 Cyc. p. 1548 n. 26.

While other questions were raised, the principal controversy was whether certain moneys paid out for the son Robert by the elder Reynolds in his lifetime were advancements to be charged against Robert's interest in his father's estate, or whether the father forgave and discharged such indebtedness. The defendants contend that the property was held as a homestead and that the widow and mother was temporarily absent in Florida. Trial was had on April 23, 1926. Defendants demanded a jury, which was refused. They then moved for judgment on plaintiff's opening statement substantially because it was shown to be an action for partition not coupled with an action for the recovery of real property; that plaintiff's amended petition failed to show that plaintiff was ever in possession of the property in controversy, and that plaintiff was out of possession at the time of the bringing of the action. The motion was overruled. Plaintiff introduced in evidence a letter from her mother-in-law, dated October 7, 1925, to E. A. Mitchell, plaintiff's father, containing the statement that while she, the mother, did not think it best to sacrifice the property, she would suggest that plaintiff and her child be paid their one-sixth of the net income or rent while trying to sell it. Mrs. Reynolds, the widow and mother, testified as to their residence in Florida, and that she had always collected the rents of the place; that no one ever disputed her possession of the property; that she had no notice of plaintiff's divorce action until after the judgment and did not know that her daughter-in-law was asking for an interest in the property; that an arrangement had been made between her and her children whereby she was to have the property during her lifetime; that Robert, plaintiff's husband, had received his one-sixth interest in his father's estate by way of advancements before his father's death. The matter of an accounting between the heirs was deferred to a subsequent hearing. On April 29, 1926, defendants filed a bill of particulars setting forth the various items of indebtedness owing from Robert to the estate of his father, showing his indebtedness to be in excess of his interest in the property. Further proceedings were had on July 16, 1926. There was evidence *pro* and *con,* some showing various sums received by Robert from time to time before his father's death were advancements. On the other hand, the plaintiff's father, being called as a witness, testified to an agreement between the deceased and himself whereby he was to buy Robert a home, loaning him the

money without interest, and get him a job, and in consideration of which Robert's father was to cancel all his indebtedness and pay up the son's bills; that such agreement was made about May 1, 1923, and that he performed his part thereof. The court, among other things, found that deceased forgave and discharged Robert of his indebtedness; that Robert was entitled to a one-sixth interest in the property; that plaintiff succeeded to his interest, and that there was no adverse possession on the part of the defendants making it necessary to join ejectment in the action.

The defendants contend the court erred in overruling their demurrer to the amended petition, in failing to sustain their motion for judgment on the pleadings and opening statement of plaintiff, in failing to sustain their objection to the introduction of evidence by plaintiff under the issues of the case, in overruling their demurrer to plaintiff's evidence, and in denying a jury trial.

The contentions cannot be sustained. The controversy was one primarily of fact which was disposed of by the trial court. Under the evidence the court could have found that the payments of Robert's indebtedness by the elder Reynolds should be charged against Robert's interest in his father's estate. But the court did not do so. The testimony of the plaintiff's father that the elder Reynolds forgave the son's indebtedness was given full credence.

The court found that there was no adverse possession and no question of title. Therefore no error was committed in denying a jury trial. (*Foresman v. Foresman,* 103 Kan. 698, 175 Pac. 985; *Gordon v. Munn,* 83 Kan. 242, 111 Pac. 177.)

Various other alleged errors have been considered, but we find none which would warrant a reversal.

The judgment is affirmed.