[No. 7992.   Department Two.   July 6, 1909.]

FRANK ENYART, *Respondent*, v. INMAN-POULSEN LOGGING COMPANY, *Appellant*.[1]

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—DAMAGES.  Upon breach of a contract to employ plaintiff for the term of one year, and to furnish material to build a house and house rent free during the employment, the measure of plaintiff's damages includes expenditures in building the house, although he was still living in it with rent free; as the house was not built independently of the contract, and he was not living in it under the contract after repudiation of the contract by the employer.

Appeal from a judgment of the superior court for Cowlitz county, McCredie, J., entered July 2, 1908, upon the verdict of jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*Thos. N. Strong*, for appellant.

*B. L. Hubbell*, for respondent.

PARKER, J.—In November, 1907, an agreement was entered into between the parties to this action, by which the plaintiff and respondent was to peel poles and piling for the defendant and appellant. It was agreed that appellant should furnish one hundred thousand or more lineal feet of poles or piling, and pay respondent at the rate of one cent per lineal foot for such work during the whole of the year 1908.   It was

[1]Reported in 102 Pac. 1050.

also agreed that appellant should furnish material to respondent to construct a house in which to live free of rent
so long as the work continued.  Other matters contained in
the agreement need not be noticed, since the single question
on this appeal arises upon the alleged error of the superior
court in its instructions to the jury upon the respondent's
claim for labor and expense in building the house preparatory for the work, as one of his items of damage arising from
appellant's failure to carry out the contract.  In January, 1908, the house being built, work was commenced, and
about the last of January appellant refused to proceed
further under the contract, and about two months later this
action was commenced by respondent to recover damages
from appellant for failure to comply with its terms, claiming, among other items of damage, the value of the work
and expense incurred by him in the building of the house.  A
trial was had on June 27, 1908, resulting in a verdict and
judgment favorable to the respondent.

The following instruction was given to the jury by the
court, touching the building of the house by respondent and
his right to recover therefor:

"Now, the item there of his expenditures in the performance of his contract referred to, the building of the house
and the building of the float. . . . If the agreement
was he was to build the house or furnish the labor for the
house or whatever he was to furnish and he did it and was to
get rent free and is getting free rent, then it is not an element of damages you are to consider, but if he put labor in
the house and is deprived of the rent, he is entitled to the
value of his labor in the building to make him whole."

This instruction was excepted to, upon the ground that
there was no evidence before the jury of any damage on account of the building of the house.  There was evidence of respondent's expense in building the house, but it appears by
the testimony of the respondent upon cross-examination,
brought out over his counsel's objection, that up to the time
of the trial he was still living in the house and that no rent

had been charged him.   This fact, counsel for appellant argues, eliminates all question of damage on account of the building of the house, and hence it was error for the court to allow any such question to go before the jury.   We do not think the mere fact that respondent was living in the house after the contract was repudiated by appellant about February 1, deprives him of his right to damages on account of having built the house preparatory to carrying out his contract.   While appellant recognized the contract as in existence, of course respondent was living in the house under the terms of the contract.   But appellant cannot be permitted to say, after its repudiation of the contract, that respondent was then living in the house under the contract.   So it seems to us, whatever claims the appellant may have against the respondent on account of the occupancy of the house, after repudiation of the contract, could not have the effect of rendering respondent's right to this item of damage any less than at the date of the repudiation.   The house was not built by respondent to be occupied by him independently of the contract and work to be performed thereunder.   It is evident the year's work he had in prospect under the contract was the sole inducement for him to build the house, and he was to have it, as stated in appellant's answer, "free of rent as long as said employment continued."   If appellant had claimed by its answer the value of the rent after its repudiation of the contract, as an offset or counterclaim, the question might have had a place in this cause; but even then it would only have been allowable to the extent of its actual value, and might or might not have been equal to the labor and expense incurred by respondent in building the house.   It seems to us the question of rent, after the repudiation of the contract by appellant, when respondent was prevented from proceeding with the work, was not a matter to be considered under the issues in this case, and so far as the instructions submitted that matter to the jury, it was error against

the respondent rather than against appellant, so it cannot complain.

We are of the opinion that the record shows no prejudicial error against the appellant. The judgment of the superior court is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.