JENNIE S. GORDON, *Appellee*, v. LILLIE GORDON MUNN *et al.*, *Appellants*.

No. 16,585.

SYLLABUS BY THE COURT.

PARTITION—*Jury Trial—Ownership and Right of Possession.* Where in an action of partition it appears that the real question in controversy involves the ownership and right of possession to the real estate, either party is entitled to have a jury to try the facts involved in such controversy, and it is error for the court to refuse to submit such question to a jury when requested by either party.

Appeal from Shawnee district court. Opinion filed October 8, 1910. Reversed.

*James A. Troutman, Robert Stone, D. R. Hite, D. W. Mulvane,* and *C. E. Gault,* for the appellants.

*S. H. Allen, Allen & Allen, J. B. Larimer,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an appeal from a decree of partition of real estate in the district court of Shawnee county. The property was owned by G. S. Gordon, who died March 26, 1908, at his residence in Topeka. He left as his heirs his widow, Jennie S. Gordon, the plaintiff, and a daughter, Lillie Gordon Munn, one of the defendants. He had a son who married Miss Lee Redden, but who died some years before his father, without children. His widow was made a party to this action. Jennie S. Gordon was the second wife of G. S. Gordon, and his marriage to her was consummated June 30, 1898. Mr. Gordon was then 72 years old, and Mrs. Gordon 38. Mr. Gordon's children were born during his first marriage. This action was commenced by the widow for the purpose of securing the separate enjoyment of the property which she was entitled to receive out of the estate of her deceased husband, as his widow. Her right to receive any of his property was contested by the defendants. It was contended that the plaintiff was not legally married to Mr. Gordon, she having been twice married before to men who were still living and from neither of whom she had been legally divorced when she went through the form of marriage with Gordon. She entered into an antenuptial contract with him whereby she was barred of all interest in his estate. If the plaintiff was competent to enter into the marriage relation with Mr. Gordon, then she was entitled to a widow's portion of his estate, unless barred by the antenuptial contract.

Under these issues the defendants demanded a jury trial, claiming that the title to real estate was involved and therefore either party was entitled to a jury as a matter of right. This demand was refused by the district court. The denial of this request is presented as one of the assignments of error, and is the principal error relied upon.

The real estate is composed of several separate tracts, being both farm lands and city property. Mr. Gordon during his lifetime resided in the city and was not in the actual occupancy of any of his other real estate. It was occupied by tenants, from whom he collected rents. Mr. Gordon died intestate, and of course his real estate descended to his legal heirs. They have sustained the same relation to it that he did while alive. There has been no change in its actual occupancy since his death, so far as his heirs are concerned.

Just when a trial by jury may be demanded by either party as a matter of right in an action concerning real property is at times uncertain and confusing. The constitutional provision, "the right of trial by jury shall be inviolate" (Bill of Rights, § 5), is not very definite nor specific; it does not deal with details—it reads like a "glittering generality." The framers of the code, realizing this difficulty, attempted to define this important right so that it would be easily understood, and for this purpose enacted sections 266 and 267 of the code (Gen. Stat. 1901, §§ 4713, 4714), which read:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as hereinafter provided.

"All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this code."

By this we are told that the right exists in all civil actions for the recovery of specific real property. Is this an action of that kind? In considering this question we are not bound by the pleadings or the form of the action. This right can not be determined by the mere form in which the issues may be cast, but it must be determined by the real, meritorious controversy between the parties, as shown by the whole case.

It is claimed that the defendants are not in the pos-

session of the property in controversy, and, so far as they are concerned, the plaintiff might take the actual possession thereof at any time; that therefore no cause of action in ejectment exists in her favor and the situation can not fairly justify the claim that the action is one to recover the possession of specific real property, and therefore the right to a trial by jury does not exist. The fact remains, however, that the plaintiff, as her cause of action, claims to be the owner of an undivided one-half of the real property and to be entitled to the immediate and exclusive possession thereof, separate and apart from the other parties, and she asks the court so to adjudicate.  On the other hand, the defendants claim that the plaintiff has no right, title or interest whatever in or to the real estate, but is a mere pretender; that they are the owners and are entitled to the immediate and exclusive possession of the real property in controversy, and ask the court so to adjudicate. Such an adjudication would necessarily give to the successful litigant the right to the exclusive possession of the property and effectually bar the other litigants from such right.  For all practical purposes it would result in a recovery of the possession of the property from one party and an award of it to the other, which would seem to embrace all the essential features of an action of ejectment.  The right to a trial by a jury has ever been regarded as important, and it may not be abridged or limited beyond the fair import of the constitutional and statutory provisions by which it is guaranteed.  (*Bodwell v. Crawford,* 26 Kan. 292; *Chandler v. Richardson,* 65 Kan. 152; *Donahue v. Meister,* 88 Cal. 121.)

In an action of partition where, as in this case, the issues disclose the real controversy to be as to the title and possession of the real estate in controversy, that question must be tried to a jury if either party so desire.  This can be done under the code in the same case. (*Chandler v. Richardson,* 65 Kan. 152; *Denton v. Fyfe,*

65 Kan. 1; *Hewlett v. Wood et al.*, 62 N. Y. 75; *Capell v. Moses*, 36 S. C. 559; *Osborne v. Osborne*, 41 S. C. 195.)

The question as to when a party is entitled to a jury has been considered by this court before and substantially the same conclusion was then reached as is here announced. (*Atkinson v. Crowe*, 80 Kan. 161.)    That case in some respects was similar to this.    We conclude that this.is a case where a jury should have been called, as requested.    There are other questions discussed, but.as this disposes of the case it will be unnecessary to consider anything further.

The judgment of the district court is reversed.