No. 22,948.

WILLIAM PARRIS and FLORA M. PARRIS, *Appellants*, v. THE BUTLER COUNTY OIL COMPANY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. OIL AND GAS LEASE—*Action to Quiet Title—Lease Assigned—New Pleadings Filed—Issues in Ejectment Raised—Right of Trial by Jury.* Where a plaintiff who is in the exclusive possession of a tract of land sues to quiet title as against an oil and gas lease alleged to have expired, and thereafter the defendant takes possession and files an answer pleading that fact and asking a decree affirming the validity of the lease, and thereupon the plaintiff in a reply asks for possession, no objection being made to either answer or reply because of its stating facts occurring after the suit was begun, the action is substantially one in ejectment brought by the plaintiff, who is entitled to a jury trial as a matter of right.

2. SAME—*Lease Assigned—Right of Assignor to Make Effective Tender of Rents Under Terms of Lease.* Where the owner of an oil and gas lease, which requires the payment of a semi-annual rental to keep it in force, executes an assignment thereof absolute on its face but in fact intended as security for a loan and accompanied by a separate contract for a reassignment in case of its prompt payment, the assignment but not the defeasance being recorded, a tender of the rent made in behalf of such assignor is not rendered ineffective by such conditions, on the theory of his being at the time a stranger to the lease so far as the lessor knew.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed February 12, 1921. Reversed.

*Clarence R. Sowers,* of Wichita, *Robert Stone, E. H. Gamble, George T. McDermott,* and *Robert L. Webb,* all of Topeka, for the appellants.

*Thomas C. Wilson, Kos Harris, V. Harris,* all of Wichita, and *Joseph S. Clark,* of Philadelphia, Pa., for the appellees.

The opinion of the court was delivered by

MASON, J.: On January 24, 1916, William Parris (his wife joining) executed an oil and gas lease one of the provisions of which was to the effect that if a well should not be commenced on the premises within one year the rights of the lessee should cease unless he should pay an annual rental of $1 an acre to the lessor or deposit that amount to his credit in the Citizen's State Bank. On June 9, 1919, Parris and his wife brought an action against a number of persons claiming under such lease, asking that (as to part of the land) it be adjudged void because of the nonpayment of the rent due July 24, 1918, and that his title be quieted. After the suit was begun the Arkansas River Gas Company purchased the interest of one of the defendants (the latest assignee), began the drilling of a well, and by leave of court filed an answer setting out these facts and asking that the plaintiffs be enjoined from asserting any interest in conflict with its claims under the lease. The plaintiffs then filed a reply and cross-petition in which they asked judgment against the gas company for possession. The gas company recovered a judgment and the plaintiffs appeal.

The case was tried without a jury, the court making detailed findings of fact. The evidence is not abstracted and the plaintiffs ask a reversal on two grounds: (1) that they were erroneously denied a right to a jury trial; and (2) that the findings show that the tender of rent relied upon by the gas company (which will hereafter be referred to as the defendant) was insufficient because made by a stranger to the transaction, or by one who was a stranger so far as was known to the plaintiffs.

1. The action as originally brought was not one in which a jury trial was a matter of right. The plaintiffs were in full possession of the premises, ejectment was not open to them, and the action was one to quiet title. The defendant before answering had changed the situation by beginning operations

under the lease—taking possession to that extent. Its answer likewise in substance asked the quieting of its title. The plaintiffs then in view of this new condition asked a judgment appropriate to ejectment. One who has open to him a remedy by ejectment upon issues triable by a jury cannot avoid that method of trial by framing his petition as one for a kind of relief ordinarily granted without it. (*Foresman v. Foresman,* 103 Kan. 698, 702, 175 Pac. 985; 176 Pac. 147.) But where a plaintiff in possession of realty brings an action to quiet title the defendant cannot gain the right to a trial by jury merely by pleading a right to possession and asking judgment therefor. (*Larkin v. Wilson,* 28 Kan. 513.) The defendant conceives the case just cited as determining in its favor the question under consideration. This conception puts the defendant in the position of a moving party who properly asks to quiet his title, and puts the plaintiff in the attitude of a party attacked who cannot convert the case into one triable by jury by praying for possession. Such a view, however, fails to take account of the exceptional features of the present case, which differentiate it from those already referred to and create a necessity for considering which rule the reason of the matter makes applicable here. We regard the lessor who is asserting the expiration of the lease as still the plaintiff—the attacking party. After the action was begun the defendant voluntarily introduced a new element by his occupancy of the property in controversy. Upon this being done the plaintiffs added to their pleadings the appropriate allegations and prayer for a judgment as in ejectment. The plaintiffs' new matter, however, was inserted in a reply and not in the petition, and the question to be determined is how far this consideration affects the right to a trial by a jury. If the plaintiffs, as they might have done, had upon notice and leave of court filed a supplemental petition setting out the events that had taken place since the action had been commenced which, in connection with the facts they had already alleged, entitled them to a judgment for possession, they quite obviously could have demanded a jury trial of the issue as a matter of right. Was the course they pursued so different from this in substance as to lose them that privilege? No notice was given by either party of a request for leave to file a supplemental pleading, as required by the stat-

Parris v. Oil Co.

ute (Gen. Stat. 1915, § 7037); nor was permission in terms given to either party to file one setting out facts that had happened since the commencement of the action. The defendant, however, with leave of court filed an answer which did contain allegations of such matter. The plaintiffs then likewise, in a pleading designated as a reply and cross-petition, availed themselves of the allegations of the answer, in connection with the other facts upon which they relied, to ask a judgment for possession. Notwithstanding the absence of any formal order allowing the pleading of facts occurring subsequent to the commencement of the action, the answer of the defendant and the reply and cross-petition of the plaintiffs must be regarded as properly in the case, inasmuch as the trial was had upon them. They were supplemental pleadings in fact although not so called. Of a similar situation it has been said: "But a pleading must be judged by what it is and not by what it is named, and the amendment to the petition in fact contained an averment of matters which had occurred since the filing of the original petition, and hence was in part a supplemental petition." (*Gardner v. City of Leavenworth,* 94 Kan. 509, 515, 146 Pac. 1000.) We do not consider the circumstance that the prayer for possession was inserted in the reply instead of in the petition as affecting the substantial character of the issues. We regard the case as one in which the plaintiff sought to recover possession of the property in controversy, and conformed his pleading to that purpose as soon as such course was open to him. Upon this ground we think he was entitled to a jury trial as a matter of right and that error was committed in refusing his request therefor.

In behalf of the defendant it is urged that allegations suitable to ejectment were not inserted either in the petition or reply. The petition contained all that was essential to the statement of a cause of action in ejectment excepting an allegation that the defendant was in possession under color of the lease; this was supplied by the answer and there was no occasion to repeat it in the reply. The prayer for judgment for possession in the reply was substantially of the same effect as though inserted in the petition.

The controversy between the parties is not one the settlement of which requires that the peculiar powers of a court of

equity should be invoked. The plaintiffs are not seeking to set aside the lease on the ground that it is not what it appears to be because of some latent vice in its execution—for instance the procuring of its execution by fraud, duress, or undue influence. The plaintiffs assert and the defendant denies that the lease—an instrument the original validity of which is not challenged—expired by its own terms through a failure of the persons interested to keep it in force by paying or tendering the required rent. The issue so presented is one triable by jury unless for some reason outside of its intrinsic character. In this respect the case is like *Chapple v. Brick Co.*, 70 Kan. 723, 79 Pac. 666, and unlike *Houston v. Goemann*, 99 Kan. 438, 162 Pac. 271, and the difference indicated is what distinguishes and harmonizes those decisions.

2. The refusal to impanel a jury requires the ordering of a new trial. The facts as found by a jury may not fully coincide with the findings heretofore made by the court, so that the question of the legal effect of the latter may not require to be now determined. However, the discussion of this phase of the case reveals a sharp difference of opinion upon a question of law which seems practically certain to arise again in the further proceedings, and which for that reason may profitably be now decided. The facts with respect to a tender were thus found by the court: The Butler County Oil Company acquired the lease May 2, 1916. On May 1, 1918, it executed to the Rose Hill State Bank an assignment which was duly recorded and which on its face was absolute but which was in fact given as security for a loan of $500 borrowed for the purpose of paying the rent on this and other leases, an unrecorded contract to reconvey upon the prompt repayment of the amount being executed by the bank. Tenders of payment of $120, the amount of rent due June 24, 1918, were made by the receiver of the oil company prior to that date both to the plaintiff William Parris personally and to the bank designated in the lease, which, however, had in the previous January been directed by Parris not to receive further rentals. The plaintiffs contend that none of these tenders was availing because at the time they were made, so far as was shown by the records of the office of the register of deeds, the oil company had parted with all interest in the lease.

Parris v. Oil Co.

A tender of payment of a debt secured by a mortgage on real estate, even if not kept good, discharges the lien, and for that reason must be made in strict conformity with somewhat rigorous requirements especially as to the person making it. (See *Knudson v. Fenimore* [Okla.], 169 Pac. 478, and note thereto in L. R. A. 1918 C, 186.)   It is possible that the rule with reference to the tender of rent for the purpose of keeping in force an oil and gas lease may in some respects be less severe, the element of good faith being given greater weight in comparison with more formal exactions.   For illustration, a payment which did not reach the lessor in time because of a delay in the mails has been upheld. (*Kays v. Little*, 103 Kan. 461, 175 Pac. 149.)   Whether or not any such distinction is to be made, however, we think the circumstance that the defeasance was not recorded would not of itself render ineffective a tender made in behalf of the oil company.   That company in virtue of its right to redeem the lease by the payment of the loan was a real party in interest.   A tender in its behalf implied an assertion of interest—presumably a retention of a part of the full title it had held.   It may be doubted whether the record of the assignment by the oil company to the bank gave constructive notice of its execution to the lessor and there is no suggestion in the findings of its having had any actual notice.   Whatever might have been the situation if for instance the tender had been refused because of a failure of the receiver to disclose the interest of the oil company, we feel clear that the condition of the title and the record did not of itself prevent a tender on behalf of the oil company from keeping the lease alive.

Other phases of the matter discussed in the briefs are not regarded as requiring action now because of the uncertainty of their arising again in the same form.

The judgment is reversed and the cause is remanded for a new trial.