No. 29,064.

LAUREL GOODMAN and WILLIAM GULICK, *Appellees*, v. L. W. CRETCHER, *Appellant*.

(283 Pac. 616.)

Opinion filed January 11, 1930.

*Leo T. Gibbens*, of Scott City, for the appellant.
*R. D. Armstrong*, of Scott City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This is an ejectment action in which Laurel Goodman and William Gulick alleged that they were the joint owners of a tract of land and were entitled to the immediate possession of it, and that L. W. Cretcher, Mary Cretcher, and the Scott City Golf Club, of which J. E. McBride was president, are unlawfully keeping plaintiffs out of the possession of the land. The defendant, L. W. Cretcher, filed a separate answer which included a general denial and an averment that he was the owner of the land and was in the lawful possession of the same. The other defendants filed separate answers, but it is unnecessary to state their claims of defense as they have not joined in this appeal from the judgment, which was taken only by L. W. Cretcher.

The judgment in effect was that the plaintiffs were the legal and equitable owners of the land and entitled to the immediate possession thereof.   An award of damages was given, also, against L. W. Cretcher in the sum of $125.   The principal error relied on by Cretcher is that the court erred in refusing a demand for a jury trial. When the demand was made the court stated that, "If it develops there is a disputed state of facts, other than what the records show, I presume you would be entitled to trial by jury, but until that does develop the request is overruled."   The pleadings presented an issue of fact for trial and the code provides that such issues must be tried by a jury unless a jury trial is waived.   When a demand

for a jury is made the court is required to determine whether or not a party is entitled to a jury from the pleading. (*Boam v. Cohen,* 94 Kan. 42, 145 Pac. 559.) From the pleadings in this case an issue of fact was raised and a jury trial should have been granted. The plaintiffs claimed ownership by virtue of a foreclosure sale of the land to them, while the defendant claimed ownership under a deed executed by Minna Starr, the mother of Anna K. Starr, a former owner who had executed the mortgage deed which had been fore-closed and under which a sale was made to plaintiffs and who was survived by her mother, Minna Starr, alleged to be her sole heir. The records in the foreclosure proceeding were introduced in evidence together with a sale under the judgment and a sheriff's deed issued to plaintiffs in pursuance of that judgment. Anna K. Starr died intestate in the latter part of the year 1918, after this action was instituted. She was not made a party in the foreclosure action, nor were there any allegations as to her decease or who were her heirs. By an amendment of the petition Minna Starr was made a defendant in that action, but there was no allegation that she was the heir of Anna K. Starr, and the court found in the present case that at no place in the proceedings was Minna Starr described or named as the heir of Anna K. Starr, deceased. It is insisted a question of fact arose as to the heirship of Minna Starr, and also as to the damages sustained by the plaintiffs for withholding possession of the land. The court also determined that Cretcher was liable to the plaintiffs for $125 as damages.

Besides the question of the relationship of Minna Starr to Anna K. Starr, upon which testimony was given, there was a question of the amount of damages to which plaintiffs were entitled in the event that they were successful in establishing ownership of the land. It is insisted that there was no real dispute as to the owner of the property, but on the record presented this view cannot be upheld. In *Maduska et al. v. Thomas,* 6 Kan. 153, it was said:

"In an action in which the parties are entitled to a trial by jury, and where the parties have not waived a jury trial, it is error for the court to render a judgment upon the issues therein, except upon the verdict of a jury."

In a case where certain admissions had been made by a party to the action the court upon the admitted facts held that ownership of land was in the adverse party and therefore withdrew the issue from the jury which had been presented by the pleadings. Although many facts were admitted upon records, the ruling was

determined to be ground for a reversal of the judgment. (*Hall v. Davidson*, 73 Kan. 88, 84 Pac. 556.) In the action of *Gordon v. Munn*, 83 Kan. 242, 111 Pac. 177, which was in form an action for partition of real property, the court upon analysis of the pleadings found that the action embraced all the features of an action of ejectment, and that the judgment demanded and rendered would result in a recovery of possession by one of the parties and effectually bar the others from possession. It was said that:

"The right to a trial by jury has ever been regarded as important and it may not be abridged or limited beyond the fair import of the constitutional and statutory provisions by which it is guaranteed." (p. 245.)

It was therefore held that the refusal to submit the question to the jury upon request was error. (See, also, *Bodwell v. Crawford*, 26 Kan. 292; *Chandler v. Richardson*, 65 Kan. 152, 69 Pac. 168.)

The defendant having demanded a jury trial and there having been no waiver, it must be held that there was error in the refusal of the demand. The judgment is reversed and the cause remanded for a new trial.

MARSHALL, J., not sitting.

JOCHEMS, J., not participating.