No. 35,064

REB RUSSELL, *Appellee,* v. SPENCER D. BOVARD et al., *Defendants,*
HERBERT HOOVER, *Appellant.*

(113 P. 2d 1064)

Opinion filed June 7, 1941.

*Harry W. Fisher* and *Harry W. Royer,* both of Fort Scott, for the appellant.

*Elmer E. Martin,* of Kansas City, and *James W. Wallace,* of Mound City, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: The land involved in this controversy is located in Linn county and was owned by John H. Bovard at the time of his death. Bovard died testate, and the land in dispute was embraced in the residuary clause of the will. It is stated that the residuary devisee predeceased the testator, and that Bovard died intestate as to the land in this litigation. In a proceeding in the district court of Linn county (Cause No. 9656), Spencer D. Bovard and Joseph F. Beurskens were appointed trustees with directions to sell this land, and to report any sales made to the court for approval. It appears that about the same time the court appointed John O. Morse receiver of the property.

The defendant Herbert C. Hoover entered into possession of the land under a written lease executed by the receiver.

The plaintiff, Reb Russell, claims title under a deed bearing date September 30, 1939, executed by the above-named trustees.

The present action was brought by Russell against Hoover and numerous other defendants. The petition set forth the facts above outlined and alleged that the plaintiff Russell was the owner in fee simple and that he was in the actual, exclusive, adverse and notorious possession of the land. It was further alleged that the defendant Hoover entered into possession of the land under the written lease executed by the receiver for the term commencing March 1, 1938, and ending February 28, 1939; that the trustees, after their appointment, orally agreed with Hoover that he should retain possession of the land until February 28, 1939, under the terms and conditions of the written lease. It was alleged that Hoover had failed and refused to pay the rentals for the crop year ending February 28, 1939, aggregating $756.72; that on March 1, 1939, Hoover remained in possession of the premises without any agreement "and still occupies the same." It was alleged that Hoover was indebted on the account of the 1939 rental in the sum of $1,500; that the indebtedness due the trustees from Hoover had been duly assigned to the plaintiff Russell; that Hoover had failed and refused to perform the terms of his written lease, but that he continued to occupy the premises and claimed some interest therein.

Plaintiff asked judgment against Hoover in the sum of $2,256.72, that he have an agister's lien on the livestock of Hoover on the farm; that the livestock be sold and the proceeds be applied on the indebtedness; prayed that plaintiff's title be quieted, and for a decree adjudging plaintiff entitled to the absolute possession of the land, and that a writ of assistance should issue.

The petition was amended by attaching a copy of the trustees' deed to the plaintiff. The deed was not recorded.

The answer of the defendant Hoover admitted the appointment of the trustees as alleged in plaintiff's petition, but denied that the deed from the trustees to the plaintiff Russell had ever been delivered; denied that the plaintiff was the owner of the land in fee simple, and denied that he was in possession of the land in dispute.

For affirmative relief the defendant Hoover filed a cross petition, in which he set forth a cause of action against the plaintiff Russell and against trustees Bovard and Beurskens individually, and against Bovard and Beurskens as trustees, and alleged: That the defendant Hoover and Everett McGinnis purchased the real estate involved in this action from the trustees Bovard and Beurskens for the price of $10,500; that a written memorandum of the purchase agreement was

executed by Bovard for himself and his cotrustee and by McGinnis; that by the terms of the agreement the defendant Hoover agreed to pay and did pay the sum of $525, rent due on the land for the term expiring March 1, 1940, for and on behalf of McGinnis, by a check; that there was at the time, and has been at all times since, funds in the bank to pay the check; that the check has never been redelivered or tendered back to defendant. It was alleged that in violation of the agreement and to deprive defendant of his beneficial interest under the contract, the trustees Bovard and Beurskens entered into a conspiracy with the plaintiff Russell and a third party, to sell and convey the property to plaintiff, and that plaintiff agreed to pay certain sums of money to the trustees and to an agent, if the sale to defendant and McGinnis could be frustrated by a sale to the plaintiff Russell; that in furtherance of such conspiracy the trustees refused to carry out the agreement so' made with defendant and McGinnis, and without notice to defendant the trustees secured the approval of the court of the sale to Russell, assigned the rent to Russell, and to defeat the rights and claims of defendant Hoover, attempted to place Russell in possession of the premises, and caused Russell to file the present action to accomplish such unlawful purpose. It was alleged that Russell joined in such conspiracy and did file such action; that the rents had previously been assigned to McGinnis and that Russell had no right or claim to the rents; that Russell wrongfully caused an attachment to issue against the property of this defendant on the premises. Defendant demanded damages against Bovard, Beurskens and Russell in the sum of $2,950. A copy of the written contract between the trustees and McGinnis was attached.

The answer of McGinnis is not set out in full, but is stated to be substantially the same as the answer of Hoover. In his answer it is alleged that by reason of the conspiracy and fraudulent acts of the trustees and Russell, resulting in the sale of the premises to Russell, that McGinnis had been damaged in the sum of $2,525, for which he prayed judgment.

The reply of plaintiff Russell to the answer of McGinnis alleged that the answer did not state facts sufficient to state a cause of action in favor of McGinnis and against the plaintiff; that there is no mutuality in the asserted claims of McGinnis as between the plaintiff and McGinnis and the codefendants against whom the claims are set up and there is a defect of parties; that the cross petition

attempts to mingle several causes of action and there is a misjoinder of causes of action; denies the contract was executed by Bovard for himself and for his cotrustee, or that he had power to so execute the same, and denies that the written memorandum was ever executed as a contract. The reply admits the check of $525 was submitted with the offer as alleged, but asserts the offer of McGinnis was refused; that the check was never cashed and was tendered to Hoover who refused to accept the check. The reply denies that Russell conspired with anyone concerning the land, and alleged that he purchased the land from the trustees.

The record does not disclose a reply by the plaintiff to the answer and cross petition of Hoover.

The defendants Bovard and Beurskens, trustees, in their answer to the cross petitions of Hoover and McGinnis, alleged: That McGinnis and Hoover had no power and capacity in law "to sue these defendants as codefendants" of McGinnis and Hoover upon the pretended claims alleged in the answer and cross petitions; that the court was without jurisdiction to hear and determine the issues raised in the cross petitions; that there is want of mutuality as to the parties, and the cross petitions fail to state a counterclaim or setoff within the meaning of the code. The answer also contained a general denial of the allegations of the cross petitions.

Plaintiff filed a motion for judgment on the pleadings. The motion was sustained "insofar as it relates to quieting plaintiff's title, and awards plaintiff judgment quieting his title in and to all land described in the petition." All other issues in the case were reserved for further consideration. Further proceedings appear in the journal entry of the final judgment. The judgment, in part, recites:

"On May 17, 1940, this case came on for final hearing before the court without the intervention of a jury. The defendant objected to the case proceeding and being tried without a jury, but the objection was overruled and the case was fully heard.

"Heretofore and on or about December 28, 1939, the court awarded plaintiff judgment quieting his title in and to the land described in his petition, and all other matters involved in this controversy and suit were retained by the court for further consideration and final trial and determination.

"On January 31, 1940, the plaintiff filed a motion in this case, requesting a trial of the issues of law involved in the action and under date of March 4, 1940, the court granted said motion, settled the questions of law and ordered that all questions of fact involving rent from Herbert C. Hoover to plaintiff for the years 1938 and 1939, and the question of any and all amounts due defendant for labor or other services rendered and the question of damages due

defendant on account of wrongful attachment, should later be tried and determined.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The court actually finds, says and admits that it has been next to impossible to arrive at a satisfactory and just decision in this case, on and after considering all of the facts and circumstances of the case; and the court says and further admits that some conclusions reached may not be borne out by a fair preponderance of the testimony and actually justified by the facts of the case.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"It is therefore, considered, ordered and adjudged, that the plaintiff, Reb Russell, shall recover from the defendant, Herbert C. Hoover, the sum of $1,551, and that the defendant, Herbert C. Hoover, shall recover from the plaintiff the sum of $628; and after these two items are adjusted, the one taken from the other, the plaintiff shall recover from said defendant the sum of $923, less $120, price of the oats plaintiff purchased at the sheriff's sale, but were not paid for at the time; and after paying the balance due plaintiff the balance in the hands of the clerk, after paying all costs as provided in this order, shall be paid to the defendant, Herbert C. Hoover. All costs of this action, from first to last, shall be paid as provided in finding No. 7 of this order."

This appeal is from the orders and judgments so rendered.

The defendant Hoover asserts the trial court erred in rendering judgment quieting the title of plaintiff, in holding that defendant's counterclaim presented no cause of action against plaintiff for inducing and causing a breach of his contract with the trustees, and in denying defendant a jury trial.

Under the practice in this state a motion for judgment on pleadings is equivalent to a demurrer. In *Hutchison v. Myers*, 52 Kan. 290, 295, 34 Pac. 742, it was stated:

".  .  .  The motion for judgment on the pleadings was equivalent to a demurrer to Hutchison's answer, and is a common and permissible practice. If the averments of the petition were sufficient, and the answer did not allege a defense, and no amendment was asked for or allowed, plaintiff was certainly entitled to a judgment.  .  .  ."

See *Fielding v. Alkire*, 124 Kan. 592, 261 Pac. 597; *School District v. Community High School*, 146 Kan. 380, 69 P. 2d 1102. The demurrer searches the record. (*Burris v. Burris*, 140 Kan. 208, 34 P. 2d 127.)

From an examination of the record on this appeal we find:

*First.* There must be a new trial. This follows of necessity from the candid declaration of the trial court that "some conclusions reached may not be borne out by a fair preponderance of the testi-

mony and actually justified by the facts of the case." In the motion for a new trial one of the grounds stated was that the decision of the court was in part contrary to the evidence. Under our statute, G. S. 1935, 60-3001, a decision shall be vacated and a new trial granted when it appears the decision is in whole or in part contrary to the evidence. It is not the practice of this court to affirm a judgment that has not met the approval of the trial court. (*Maddy v. Hock*, 134 Kan. 15, 4 P. 2d 408.)

*Second.* We think the defendant Hoover was entitled to a jury trial, on the issues of fact raised by the pleadings. While the plaintiff alleged that he was the owner in fee simple and in possession of the land in question, it was also alleged that the defendant Hoover was in possession and that he had refused to pay the rentals. Plaintiff asked judgment for the rents, and for a decree adjudging plaintiff entitled to the possession and that a writ of assistance issue. The court looks to substance and not to form, and a pleading is judged by its allegations and not by the title it bears. In *Parris v. Oil Co.*, 108 Kan. 330, 333, 195 Pac. 879, it was said:

". . . We regard the case as one in which the plaintiff sought to recover possession of the property in controversy, and conformed his pleading to that purpose as soon as such course was open to him. Upon this ground we think he was entitled to a jury trial as a matter of right and that error was committed in refusing his request therefor."

See, also, *Gordon v. Munn*, 83 Kan. 242, 111 Pac. 177; *Hasty v. Pierpont*, 146 Kan. 517 Kan. 72 P. 2d 69. In effect the action against Hoover was to recover possession of the land.

The petition alleged that Hoover owed rent in the sum of $2,-256.72. The answer of Hoover contained a general denial. We think Hoover was entitled to a jury trial on issue as to rent.

The defendant Hoover, in his cross petition, alleged that he was damaged by the wrongful attachment of his crops and grain in the sum of $950. He was denied a trial by jury on this issue. This was error.

In the cross petition it was alleged that the defendant Hoover and one McGinnis purchased the real estate from the trustees, and that a written memorandum of the purchase signed by one of the trustees was duly executed, and that a check in part payment of the purchase price was delivered at the time. The cross petition alleged:

"That this defendant was acting in good faith; that the check was good and that there was at that time and has been at all times since sufficient funds in

the said bank to pay said check if and when presented. That said check has never been redelivered or tendered back to this defendant, but is still held, so far as this defendant knows, by the said trustees. That this defendant had a beneficial interest in the said contract entered into by the said trustees and the said Everett McGinnis as hereinbefore alleged. That the said Spencer D. Bovard and Joseph F. Beurskens with their agent and attorney, Elmer E. Martin, orally agreed with this defendant to speedily procure abstracts of title, present the matter to the district court of Linn county, Kansas, and ask for the approval of the said sale and to make deeds of conveyance and otherwise carry out the terms of said agreement. That in violation of said agreements and in a conspiracy to defeat this defendant from his beneficial interest under said contract, the defendants, Spencer D. Bovard and Joseph F. Beurskens, did conspire with the plaintiff, Reb Russell, and one Harry Justice to sell and convey the said real estate to the said Reb Russell, and the said Reb Russell agreed to pay the additional $500 to the trustees and $500 to the said agent if the sale to Everett McGinnis and this defendant could be defeated and the real estate conveyed to the said Reb Russell. That in furtherance of said conspiracy the said trustees failed and refused to carry out the terms of their agreement by failing and neglecting to procure abstracts of title and submit them to the defendant and to execute deeds and to seek the approval of the district court to said sale and did ask the district court of Linn county, Kansas, to approve the sale to the said Reb Russell instead. That they did, without notice to this defendant or his attorney of record, procure approval of the court to the said sale on the 14th day of September, 1939, and did attempt to convey the rents due and payable by the said Herbert Hoover for the crop year of 1939, to the said Reb Russell and did agree with the said Reb Russell to defeat the claims and rights of this defendant and to attempt to put him into possession and to file a suit in his name for that purpose. That said Reb Russell did join in said conspiracy and did file the above-entitled action. That the said Reb Russell does not have any right to rents from said lands for the period ending March 1, 1940, for the reason that said rents had been previously sold and assigned to Everett McGinnis."

It was thus alleged that the defendant Hoover had a beneficial interest in the contract to purchase the land, that the plaintiff Russell agreed to pay $500 to the trustees and $500 to an agent to induce the trustees to breach the contract. Such predatory conduct is actionable in this state. (*Nulty v. Lumber and Grain Co.*, 116 Kan. 446, 227 Pac. 254; *Vaught v. Pettyjohn & Co.*, 104 Kan. 174, 178 Pac. 623. See Restatement, Torts, § 766.) As against a demurrer we cannot say the counterclaim does not state a cause of action against the plaintiff Russell for inducing the breach of the contract.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.