NOT DESIGNATED FOR PUBLICATIONW

No. 122,745

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STANTON S. HOLT,
*Appellant*,

v.

GORDON HARROD, M.D., and BASSER SYEED, M.D.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JANETTE L. SATTERFIELD, judge. Opinion filed March 5, 2021. Affirmed.

*Stanton S. Holt*, pro se appellant.

*Anthony M. Singer* and *Matthew P. Sorochty*, of Woodard, Hernandez, Roth & Day, LLC, of Wichita, for appellee Sayeed, and *Mark R. Maloney* and *Brian L. White*, of Hinkle Law Firm, LLC, of Wichita, for appellee Harrod.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Stanton Holt, an inmate at the El Dorado Correctional Facility, brought a medical malpractice action against several health care providers over their treatment of his injured foot and toes. The district court granted summary judgment in favor of the defendants after Holt failed to disclose expert testimony, finding he could not establish the elements of standard of care, deviation from the standard of care, or causation. On appeal, Holt claims that the district court erred in granting summary judgment and by denying requests to convene a medical malpractice screening panel. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Stanton Holt injured his right foot in March 2018, while rolling out of the top bunk in his cell at the El Dorado Correctional Facility. As a result of the injury, the bone of Holt's big toe was dislocated and "nearly protruding" from the back side of his foot. Holt reported his injury to a corrections officer and was later examined by a nurse, who informed him that there was "nothing that they could do." Several hours later, Holt was examined by another nurse, who wrapped his foot and administered Ibuprofen for the pain and swelling. Holt was also given a crutch and informed that he would have to wait several days to have an x-ray performed, but he "Refused and Denied Transfer to a nearby Hospital to receive an X-RAY of [his] Foot." A few days later, Holt finally received an x-ray, which confirmed that the big toe on his right foot was dislocated. Holt asked for an x-ray of his left foot, which he claimed had also been injured but the request was denied.

Five days after the x-ray, Holt was examined by Dr. Basser Sayeed, the clinic doctor at El Dorado Correctional Facility. Dr. Sayeed told Holt that he "will be OK" and that the injuries would heal in "4 to 6 weeks." About a week later, Holt returned to see Dr. Sayeed, who determined in concurrence with Dr. Gordon Harrod, the medical director at El Dorado, that he should be evaluated by a specialist because Holt's feet were not healing. Dr. Sayeed asked Holt to be patient as the scheduled visit to the specialist could not occur for 25 days.

Holt began filing grievances with the Kansas Department of Corrections (KDOC). While his grievances were pending, the Kansas Department of Corrections Medical Health Authorities advised that "the site healthcare team [should] assist in pain management and continue to monitor [Holt] and ensure he attends his orthopedic

2

consult." The KDOC then informed Holt that it would take no immediate action and needed additional time to investigate his claims.

On June 29, 2018, Holt filed this lawsuit against two of the El Dorado nurses, Dr. Harrod, and Dr. Sayeed. Holt included a "Prayer for Relief" in his petition, requesting $10,000 from each defendant as well as punitive damages, costs, and other relief. Holt further stated that he sought a "Trial by Jury upon All the ISSUES brought forth within this MEDICAL AND PROFESSIONAL MALPRACTICE SCREENING PANEL."

In November 2018, the clerk of the Butler County District Court filed a notice of intent to dismiss Holt's action without prejudice for lack of prosecution. Two months later, Holt issued summons for three EL Dorado nurses, Dr. Sayeed, and Dr. Harrod. Only one of the nurses was served, but Dr. Harrod was served on January 11, 2019, and Dr. Sayeed was served on January 14, 2019. Each of the served defendants filed motions to dismiss arguing Holt had failed to state a cause of action for medical malpractice or for any other relief. In their motions, Dr. Harrod and Dr. Sayeed each noted that although Holt's petition mentioned medical screening panels, the pleading was drafted as a petition for damages alleging medical negligence, civil rights violations, and numerous other claims. Holt responded to the defendants' motions to dismiss, maintaining that his pleading sufficiently set forth a cause of action for medical negligence and an "Eighth Amendment Rights Violation to Deliberate Indifference."

After conducting a hearing, the district court ruled that Holt had sufficiently pled a claim for medical negligence against Dr. Harrod and Dr. Sayeed, but it granted the doctors' motions to dismiss with respect to Holt's other claims. The court also dismissed with prejudice Holt's claims against the El Dorado nurse who had been served and dismissed without prejudice the other two nurses who were not served. Regarding the claims against Dr. Harrod and Dr. Sayeed, the district court concluded that Holt's pleading was a petition for damages alleging medical malpractice:

3

"Plaintiff has sufficiently pled a claim for medical negligence for that claim to survive Defendant Sayeed's and Defendant Harrod's Motions to Dismiss. Defendant Sayeed's and Defendant Harrod's Motions to Dismiss are denied, therefore, as they relate to Plaintiff's claim for medical negligence.

"Plaintiff has failed to plead any other claim in accordance with the Kansas Rules of Civil Procedure. To the extent that Plaintiff's Petition attempts to state a claim for a civil rights violation, an intentional tort, or any other cause of action, Plaintiff's failure to provide a short, plain statement demonstrating that Plaintiff is entitled to relief pursuant to K.S.A. 60-208 warrants the dismissal of these claims.

. . . .

". . . [T]he Court interprets Plaintiff's prayer for relief as a claim for specific damages of $10,000.00 from each defendant."

Although the transcript of the hearing is not included in the record on appeal, both parties agree that Holt requested a medical malpractice screening panel during the hearing on the motion to dismiss. The parties further agree that the court denied Holt's oral motion and informed him that such a request was required to be made in writing. Holt, Dr. Harrod, and Dr. Sayeed agreed to a case management order, setting deadlines for expert disclosures, the close of discovery, and dates for a pretrial conference and trial.

About 10 days after the hearing, Holt filed a pleading titled "Plaintiff's Joint Motion to Medical and Professional Malpractice Screening Panels," noting that a request for a malpractice screening panel was intended to be "part of plaintiff's already Filed Civil Rights Claim Complaint Petition to Medical Malpractice/Negligence." Dr. Harrod and Dr. Sayeed jointly opposed Holt's request, arguing the request was untimely because a motion to convene a medical malpractice screening panel is required to be filed within 60 days of service. Ultimately, the district court denied Holt's motion. In doing so, the court noted Holt's prior oral request and explained its ruling as follows:

4

"Medical Screening Panels are governed by K.S.A. 65-4901 et seq. It states that a party may file a request to convene a medical screening panel and the Court **must** convene a panel as provided by statute. However, Kansas Supreme Court Rule 142, limits the time frame in which a request can be made to sixty (60) days after service against a party upon whom the request is made. If timely, the Court would have no discretion on whether to convene a panel upon request. In that same vein, this Court has no authority to modify or extend the sixty (60) day Supreme Court Rule time limit irrespective of whether or not the Court required written motions in fourteen (14) days. The Plaintiff's request or Motion for a screening panel is untimely Therefore this Court is denying said request. Additionally, pursuant to *Sperry v. Eulert*, 106 P.3d.99 (2005), this Court lacks jurisdiction to convene a panel."

Four months later, Dr. Harrod and Dr. Sayeed moved for summary judgment, arguing Holt had failed to designate an expert witness to establish the applicable standard of care and therefore could not establish a prima facie case of medical malpractice. The defendants contended that the common knowledge exception—a narrow exception to the requirement for expert testimony in cases where the breach of reasonable care would be apparent to the average person with no specialized training—did not apply to the treatment for Holt's broken foot. In response, Holt cited legal authorities about requesting a medical malpractice screening panel, but he did not controvert any of the defendants' factual assertions with citations to the record.

While the transcript of the hearing on the defendants' motion is not included in the record, the journal entry memorializing the court's granting of the motion notes Holt's failure to disclose expert testimony or establish the elements of standard of care, deviation from the standard of care, and causation.

After the court granted the defendants' motion for summary judgment, Holt filed a motion to reconsider. The court denied Holt's motion. Holt now brings this appeal.

ANALYSIS

Holt cannot prevail on this appeal for several reasons. First, and perhaps foremost, Holt failed to comply with virtually every procedural briefing rule. His brief does not set forth a statement of facts, makes no citation to the record, and offers no discernable legal argument supported by statute or caselaw. By providing no substance to his brief, he has effectively abandoned his appeal.

Similarly, Holt failed to comply with Supreme Court Rule 141 in addressing the defendants' motion for summary judgment. He did not set forth any uncontroverted facts. He offered no facts to contest the defendants' claim that they provided proper medical treatment. Without any supporting evidence, Holt's only claim was that the doctors' own testimony would prove their medical negligence. Furthermore, Holt offered no evidence of the standard of care the doctors were required to meet, the failure to meet that standard of care, causation, or damages, all of which are essential to the prosecution of a medical malpractice case. *Burnette v. Eubanks*, 308 Kan. 838, Syl. ¶ 1, 425 P.3d 343 (2018); *Castleberry v. DeBrot*, 308 Kan. 791, 802, 424 P.3d 495 (2018). Furthermore, Holt did not contest the defendants' claim that Holt did not provide the name of an expert to establish these essential elements of a malpractice claim.

Summary judgment requires strict compliance with the statutory requirements set forth in K.S.A. 2020 Supp. 60-256. See Kansas Supreme Court Rule 141(a)(1) (2020 Kan. S. Ct. R. 205). A party opposing summary judgment must respond to the movant's statements of uncontroverted facts by submitting a list, corresponding in number to the statements of fact submitted by the movant, stating whether each of the movant's factual contentions are (a) uncontroverted, (b) uncontroverted for the purposes of the motion only, or (c) controverted. Rule 141(b)(1). Here, as the district court noted, Holt failed to do so. Because Holt merely relied on the allegations in his pleading and failed to disclose

an expert witnesses to support his claim of medical malpractice, the district court did not err in granting summary judgment.

The essence of Holt's arguments in the district court is that the district court failed to convene a medical malpractice screening panel. He alludes to that fact in his response to the motion for summary judgment. He persistently claims that his initial pleading contained a request for a screening panel. Although Holt's initial pleading was titled "Medical and Professional Screening Panels," the document did not explicitly request a panel, rather it contained a list of causes of action stated in Holt's terms as "a civil rights claim" or "civil right complaint." It included a request for damages and a demand for jury trial.

K.S.A. 65-4901 specifically states that if a petition for damages has been filed, a request for a screening panel is to be made in a separate memorandum filed with the court. Holt's pleading could not be both a petition for damages and a request for a screening panel.

Holt entitled his pleading a "Medical and Professional Screening Panel," which does not delineate the pleading specifically as a claim for damages or a request for a screening panel. The substance of his pleading leaves little doubt it was a claim for damages. The gravamen of his pleading were the injuries he sustained, numerous causes of action, numerous claims of damages, and a request for a jury trial.

Other than the title of the pleading, Holt makes no reference to a screening panel, and there is no specific request to convene a panel. The district court did not err in relying on the substance of Holt's pleadings, which strongly suggested it was a petition for damages, rather than its title in so ruling. See *City of Osawatomie v. Slayman*, 182 Kan.

7

770, 773, 323 P.2d 910 (1958) ("In determining what action is alleged in a petition, the designation given the pleading is not the deciding factor because a court must look to substance and not to form."). The district court did not err when it determined that Holt's pleading was not a request for a screening panel.

Holt also claims that the district court erred when it failed to convene a screening panel based on his oral request made at the hearing on the defendants' motion to dismiss. Although the record does not contain a transcript from the hearing on the defendants' motion to dismiss, the parties agree that Holt orally requested a screening panel at that hearing and that the district court denied the request, noting that such a motion would have to be made in writing. The district court's decision was based on its interpretation of Kansas Supreme Court Rule 142(c) (2020 Kan. S. Ct. R. 207).

The interpretation of a Kansas Supreme Court rule, like the interpretation of a statute, is a question of law subject to unlimited review. *Kansas Judicial Review v. Stout*, 287 Kan. 450, 459, 196 P.3d 1162 (2008). Kansas Supreme Court Rule 142(a), which "governs the procedure for a medical malpractice screening panel under K.S.A. 65-4901 et seq," states that a request for a screening panel is to be made by written request. Rule 142(c) (2020 Kan. S. Ct. R. 207). The plain language of Rule 142 is unambiguous, providing that any request for a screening panel must be made in writing. The district court informed Holt that his oral motion to convene a panel was impermissible but that he could file a written request. It did not err in so doing.

After the district court's ruling on his oral motion, Holt proceeded to file a written request for a medical malpractice screening panel. The district court denied Holt's motion as untimely.

Again, the interpretation of a Kansas Supreme Court rule, like the interpretation of a statute, is a question of law subject to unlimited review. *Kansas Judicial Review*, 287

Kan. at 459. Kansas Supreme Court Rule 142(c) states that "[a] party may request a screening panel by filing a written request with the judge before or after a petition is filed, but *no later than 60 days after the defendant subject to the screening panel is served with process*." (Emphasis added.) (2020 Kan. S. Ct. R. 207.) Here, Dr. Harrod was served on January 11, 2019, and Dr. Sayeed was served on January 14, 2019. Holt's written motion for a screening panel was filed on April 18, 2019. Clearly, his request was made outside the 60-day time period required by Kansas Supreme Court Rule 142(c). The district court did not err in finding Holt's motion was time barred and denying his motion for a medical malpractice screening panel.

Even assuming that the district court might have erred in denying Holt's requests to convene a hearing panel, such error was harmless relative to the motion for summary judgment. Any order denying a screening panel request did not preclude Holt from obtaining an expert to establish the necessary elements of a medical malpractice cause of action. Further, Holt's claim that a medical malpractice screening panel would have provided him the expert testimony needed to establish these necessary elements of a malpractice action is purely speculative. Holt has failed to establish that he was prejudiced as a result of the district court's rulings.

Affirmed.

* * *

ATCHESON, J., dissenting: As a self-represented litigant and an inmate in the Kansas prison system, Plaintiff Stanton S. Holt would have had to overcome myriad obstacles and long odds to navigate this medical malpractice action to a conclusion based on the underlying merits of his claim. But his case has been prematurely terminated, and he has been denied a fair opportunity to fail. I, therefore, respectfully dissent. I would

9

reverse the Butler County District Court's summary judgment for Defendants Dr. Gordon Harrod and Dr. Basser Sayeed and remand for further proceedings.

Amidst the rambling and discursive petition Holt filed, he requested that the district court convene a medical malpractice screening panel under K.S.A. 65-4901 to review the care the defendants provided him at the El Dorado prison. The district court and the majority have overlooked the request in the verbose pleading that is anything but "[a] short and plain statement" of Holt's claim. See K.S.A. 2020 Supp. 60-208(a). The district court, however, did recognize the petition stated a claim for medical malpractice when it denied the defendants' motion to dismiss.

The district court was obligated to convene a screening panel based on the request in the petition. Having failed to recognize the request, however, the district court denied Holt's later oral and written requests. Standing alone, those rulings were correct. Had the district court convened a screening panel, as it was required to do, it then should have held the defendants' joint motion for summary judgment in abeyance until the panel issued its report. In their summary judgment motion and supporting memorandum, the defendants asserted Holt could produce no expert opinion evidence showing they deviated from appropriate standards of medical care in treating him for a serious foot injury. But medical malpractice screening panels are charged with the task of determining whether the subject physicians have deviated from the requisite standard of care and whether any deviations have harmed the patients. K.S.A. 65-4903; Kansas Supreme Court Rule 142(1)(8)(C)-(D) (2020 Kan. S. Ct. R. 207).

In tandem, the statutes governing screening panels and Rule 142 channel the panel findings to the key elements of a medical malpractice claim. See *Foster v. Klaumann*, 296 Kan. 295, 302, 294 P.3d 223 (2013) (plaintiff must prove deviation from appropriate standard of medical care, injury, and injury "proximately resulted" from deviation); *Sharples v. Roberts*, 249 Kan. 286, ¶¶ 7-8, 816 P.2d 390 (1991) (elements of malpractice

10

claim; expert testimony sufficient if "show[s] reasonable probabilty"). A screening panel report is admissible as evidence, and the panel members may be subpoenaed to testify in a civil action. See K.S.A. 65-4904(c). So a report favorable to Holt likely would have provided a basis for him to resist the summary judgment motion. Conversely, an unfavorable report presumably would have doomed this case, since Holt appears to lack the financial resources and legal wherewithal to independently secure a medical expert.

In his response to the defendants' summary judgment motion and again in his appellate brief, Holt explained the interconnection between a medical screening panel and the foundation for that motion. Unlike his petition, Holt's brief is remarkably terse; the substantive content fills less than five pages. Holt outlines his argument with elegant simplicity: He properly requested a medical malpractice screening panel, and the district court improperly granted the defendants' summary judgment motion because the panel report could have provided evidence sufficient to resist the motion. Holt specifically states he made a request for a panel in his petition and later repeated that request. He doesn't include a citation to the petition in the record on appeal, but it isn't hard to find. The contention Holt offers is both logically coherent and legally sound.

The district court and the majority avert the argument and the request for a screening panel in Holt's petition. They instead have respectively relied on procedural deficiencies—most of which would be correctable—to have entered judgment against Holt and to now affirm that judgment. Even the uncorrected deficiencies have imposed no genuine legal prejudice on the defendants. So I opt out of their exercise. In making that choice, I do not mean to cast aspersions on either the district court or my colleagues. They are united in how Holt's medical malpractice claim should be dispatched. I stand alone apparently blinded by an unduly keen a sense of what might seem fair and just, though hardly expedient, in this case.

11